UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CR-20016-PCH

UNITED STATES OF AMERICA,

Plaintiff,

v.

SEDRICK DENARD HARRELL,

Defendant.

_____/

## ORDER ON MOTION TO DISMISS AND MOTION TO SUPPRESS

**THIS CAUSE** came before the Court upon the Defendant Sedrick Denard Harrell's Motion to Dismiss Indictment for Violation of Sixth Amendment Right to Speedy Trial [ECF No. 26] ("Motion to Dismiss") and Motion to Suppress [ECF No. 27] (collectively, the "Motions"). The Government filed a Consolidated Response to Defendant's Motions to Dismiss and Suppress Evidence [ECF No. 33]. The Court held a hearing on the Motions on August 7, 2026, during which the Court heard testimony from Task Force Officer Alfredo Armenteros, Deputy U.S. Marshal George Sinha, Deputy U.S. Marshal Nicholas Rodriguez, and Deputy Sheriff Liriam Flores. Additionally, the Court accepted into evidence and viewed footage of the arrest from Officer Flores's body-worn camera. The evidence presented at the hearing was unrefuted and the Court finds that all of the witnesses were credible.

### I.      Background

Officer Flores testified that, on October 27, 2023, she and other officers from Miami-Dade Police responded to a call about a man sleeping in a chair against the front door of a residence, preventing the occupant from leaving. When she arrived, Officer Flores found Mr.

1

Harrell asleep in a chair blocking the front door of a home. As Mr. Harrell began to wake up, he reached into the pocket of his sweatshirt. Officer Flores noticed a large bulge in the pocket of his sweatshirt and moved closer to see what Mr. Harrell was reaching for. Officer Flores saw what she believed to be the grip of a pistol and then immediately restrained Mr. Harrell. After handcuffing him and escorting him to her patrol car, Officer Flores recovered a handgun from the pocket of Mr. Harrell's sweatshirt. Mr. Harrell was arrested and later released on bond.

On November 21, 2023, state authorities charged Mr. Harrell with carrying a concealed weapon and being a felon in possession of a firearm. On January 24, 2024, a federal grand jury returned an indictment charging Harrell with a violation of 18 U.S.C. § 922(g)(1), and a federal arrest warrant issued the same day.

TFO Armenteros testified that, on February 7, 2024, he spoke with Mr. Harrell by phone, and Mr. Harrell agreed to self-surrender on February 12, 2024. However, Mr. Harrell never turned himself in and stopped answering calls. TFO Armenteros testified that he made repeated attempts to locate Mr. Harrell, including multiple calls to Mr. Harrell that went unanswered, interviewing Mr. Harrell's former girlfriends and family members, visiting Mr. Harrell's workplace, obtaining a search warrant for location information associated with a phone number he believed to be Mr. Harrell's phone number, surveilling the  areas indicated by the search warrant, and attending multiple state court hearings related to pending state charges against Mr. Harrell. In late March 2025, TFO Armenteros submitted a delegation form to the U.S. Marshal Service for Mr. Harrell's case.

DUSM Sinha and DUSM Rodriguez testified about their efforts to locate Mr. Harrell after the U.S. Marshal Service received the delegation in late March or early April 2025, including obtaining search warrants for information related to a social media account they

believed to belong to Mr. Harrell and for data connected to a phone number associated with Mr. Harrell, interviewing witnesses, following up on leads, and conducting surveillance. On May 22, 2026, DUSM Rodriguez arrested Mr. Harrell.

### II.  Motion to Dismiss

Mr. Harrell argues that his Sixth Amendment right to a speedy trial was violated because the 28-month delay between his indictment and first appearance was unreasonable and the Government did not make a diligent, good-faith effort to locate and apprehend him. *See* Motion to Dismiss at 4–5.

The Sixth Amendment "provides that in all criminal prosecutions, the accused shall enjoy the right to a speedy trial." *United States v. Vargas*, 97 F. 4th 1277, 1286 (11th Cir. 2024). Courts look to four factors when evaluating Sixth Amendment speedy-trial claims: the length of the delay, the reason for the delay, the defendant's assertion of the right, and any resulting prejudice. *See United States v. Ingram,* 446 F. 3d 1332, 1336 (11th Cir. 2006) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

As a threshold matter, a defendant must show that the length of the delay between indictment and arrest was presumptively prejudicial, and "delays exceeding one year are generally found to be presumptively prejudicial." *United States v. Clark*, 83 F.3d 1350, 1352 (11th Cir. 1996). Here, there was a delay of over two years between Mr. Harrell's indictment and arrest, so this factor is easily met.

The Court then turns to the remaining factors. The government bears the burden of establishing valid reasons for the delay. *United States v. Villarreal*, 613 F.3d 1344, 1351 (11th Cir. 2010). "A government's inability to arrest or try a defendant because of the defendant's own evasive tactics constitutes a valid reason for delay." *Id.*; *see also United States v. Machado*, 886

F.3d 1070, 1080 (11th Cir. 2018). Here, the Court finds that Mr. Harrell's actions were the primary reason for the delay and that the Government made a diligent, good-faith effort to locate Mr. Harrell and bring him to trial. As described in greater detail on the record, Mr. Harrell's attempts to evade arrest and the fact that he broke his agreement to self-surrender cause this factor to weigh heavily against Mr. Harrell. Moreover, although he timely asserted his right to speedy trial, Mr. Harrell was unable to show actual prejudice resulting from the delay.

Thus, for the foregoing reasons and for the reasons stated on the record at the August 7, 2026, hearing, the Motion to Dismiss is denied.

### III.   Motion to Suppress

Mr. Harrell argues that the firearm and ammunition in this case should be suppressed because they were obtained as a result of an illegal seizure and search conducted without a warrant. *See generally* Motion to Suppress.

Law enforcement officers may seize an individual for a brief, investigatory stop if they have a reasonable suspicion that the individual was involved, or is about to involved in, criminal activity. *United States v. Acosta*, 363 F.3d 1141, 1144–45 (11th Cir. 2004). "To determine whether reasonable suspicion exits, the court must look at the totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing." *United States v. Hunter*, 291 F.3d 1302, 1306 (11th Cir. 2002) (internal quotation marks removed) (holding that an officer's stop was supported by probable cause when the officer observed a bulge in an individual's waistband when the individual turned and walked away from illegal gambling activity).

Here, as testified to by Officer Flores and confirmed by the body-worn camera footage, Office Flores observed a bulge in Mr. Harrell's sweatshirt pocket as he was reaching into that

pocket after he awoke from sleep in front of the door of a residence. Officer Flores moved closer to see what he was reaching for and believed that she saw the grip of a pistol in his pocket. She then restrained Mr. Harrell and recovered the pistol. On the totality of these circumstances, the Court concludes that Officer Flores's seizure of Mr. Harrell and the recovery of the pistol was supported by reasonable suspicion.

Thus, for the foregoing reasons and for the reasons stated in greater detail on the record at the August 7, 2026, hearing, the Motion to Suppress is denied.

### IV.    Conclusion

For the foregoing reasons and for the reasons stated on the record at the August 7, 2026, hearing, it is **ORDERED and ADJUDGED** that the Motions are hereby **DENIED** as follows:

1.    Defendant's Motion to Dismiss Indictment for Violation of Sixth Amendment Right to Speedy Trial [ECF No. 26] is **DENIED.**

2.    Motion to Suppress [ECF No. 27] is **DENIED.**

**DONE AND ORDERED** in Miami, Florida, on August 10, 2026.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc:
All Counsel of Record
United States Probation Office

5